IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DORIS J. WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:19-cv-00012 |
| | ) | |
| NATIONWIDE MUTUAL FIRE INSURANCE | ) | By: Elizabeth K. Dillon |
| COMPANY, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

Doris Woodson brought this action seeking insurance coverage for a fire that destroyed her garage. The parties mediated the case before United States Magistrate Judge Joel Hoppe and agreed in principle to a settlement of $35,000. Following the settlement conference, Ms. Woodson refused to sign the settlement documents and her attorney withdrew, leaving Woodson to proceed pro se. Nationwide Mutual Fire Insurance Company filed a motion to enforce the settlement agreement. The court referred the motion to Judge Hoppe, who recommends that Nationwide's motion to enforce the settlement be granted. (Report and Recommendation (R&R), Dkt. No. 50.) Woodson and Nationwide filed objections to Judge Hoppe's R&R. (Dkt. Nos. 54, 58.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will adopt the R&R and grant the motion to enforce the settlement.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–3.)

II. DISCUSSION

A. **Standard of Review**

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The de novo requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections made to the report must be made with "sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). General or conclusory objections are the equivalent of a waiver. *Id.*

B. **Woodson's Objection**

In her objection, Woodson argues that the settlement agreement should not be enforced because Nationwide is in contempt of an order in a separate state court case. Woodson is referring to a case that went to trial on the coverage issue, wherein the jury found that "the structure in question was not being used for business purposes, and that the Plaintiff did not make a material misrepresentation to the Defendant during the course of its investigation of the fire which occurred on 14 July, 2014." (Dkt. No. 58-1.) That verdict, however, did not establish

the amount of Nationwide's liability pursuant to the insurance policy. This lawsuit was filed to resolve that issue.

Woodson also argues that the settlement agreement is unfair because "Nationwide made [knowing] false and misleading statements to the court." (Dkt. No. 58 at 3.) Woodson does not identify any misleading statements or explain why they would impact the enforceability of the settlement agreement. *See* R&R 5 ("Because the Memorandum of Understanding contains all of the essential terms of the agreement, the parties signed it at the conclusion of the settlement conference, and Woodson does not dispute the terms of the agreement, I find that a binding agreement was reached, . . .").

Finally, Woodson argues that consenting to the settlement would violate her First Amendment right to freely exercise her religion because she was "waiting on the Lord to tell me what to do." (Dkt. No. 58 at 3.) Woodson does not explain how enforcing a private settlement agreement would substantially burden her right to freely exercise her religion. *See Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (Explaining that a "substantial burden" is one that "puts substantial pressure on an adherent to modify his behavior and violate his beliefs," or "one that forces a person to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion on the other hand") (citing *Thomas v. Review Bd. of Ind Emp't Sec. Div.*, 450 U.S. 707, 718 (1981) and *Sherbert v. Verner*, 374 U.S. 398, 404 (1963)). Moreover, the First Amendment generally does not apply to disputes between private contracting parties. To that end, this court's role in enforcing the agreement would not satisfy the requirement of state action, which is required to implicate constitutional guarantees in this context. *See Jones v. Poindexter*, 903 F.2d 1006, 1011 (4th Cir. 1990) ("[U]se of state process to attempt to enforce the judgment against Jones was not action under color of

law.") (citing *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 939 n.21 (1982)); *Dacey v. Steiner*, No. 08-cv-12-PB, 2008 WL 4681628, at *3 (D.N.H. Oct. 20, 2008) ("[A] private litigant's use of the state courts to enforce an allegedly unconstitutional settlement agreement did not constitute state action that could support a civil rights claim.").

Ultimately, it is apparent that Woodson now regrets signing the Memorandum of Understanding at the settlement conference, but as Judge Hoppe observed, this does not constitute grounds for her to undo the binding agreement. (R&R 5.) The settlement agreement should be enforced.

**C. Nationwide's Objection**

Nationwide takes no issue with Judge Hoppe's R&R. However, Nationwide argues that its motion to enforce the settlement agreement should be dismissed as moot, and this action dismissed with prejudice, because Woodson has not complied with the litigation deadlines in this case since her attorney withdrew and she has been proceeding pro se. This would be an overly harsh remedy, and Nationwide does not cite any case law or federal rule which would support such a result. For as much as Woodson objects to the settlement agreement, the court doubts that she wishes to come away empty handed. Nationwide, like Woodson, is bound by the settlement agreement it sought to enforce, and Woodson's subsequent lapses as a pro se litigant are not grounds to vacate that agreement.

## III. CONCLUSION

After a review of the record, the court finds that the settlement agreement should be enforced. The court will issue an appropriate order.

Entered: December 27, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge