CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
1/30/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DORIS J. WOODSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 5:19-cv-00012 |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) By: Elizabeth K. Dillon )     United States District Judge |
|     Defendant. | ) ) ) |

## MEMORANDUM OPINION

Doris Woodson brought this action seeking insurance coverage for a fire that destroyed her garage. The parties mediated the case before United States Magistrate Judge Joel Hoppe and agreed in principle to a settlement of $35,000. Following the settlement conference, Ms. Woodson refused to sign the settlement documents and her attorney withdrew, leaving Woodson to proceed pro se. Nationwide Mutual Fire Insurance Company filed a motion to enforce the settlement agreement. The court referred the motion to Judge Hoppe, who recommended that Nationwide's motion to enforce the settlement be granted. (Report and Recommendation (R&R), Dkt. No. 50.)

Over objections from both parties,[1] the court adopted Judge Hoppe's R&R. (Dkt. Nos. 59, 60.) The court ordered Nationwide to provide a check to Woodson within thirty days, and

---

[1] Nationwide did not object to the rationale or reasoning in Judge Hoppe's R&R, but asked the court to dismiss the case with prejudice because of Woodson's failure to adhere to the court's scheduling order and the Federal Rules of Civil Procedure in the time she was proceeding pro se.

upon "receipt of notice filed by Nationwide that Woodson received the check," the court indicated that it would "dismiss this case with prejudice." (Dkt. No. 60.)

After this order was entered, counsel for Nationwide called Woodson to confirm the appropriate address for delivery of the settlement funds. (Mot. for Guidance and Reconsideration ¶ 6, Dkt. No. 62.) During that conversation, Woodson directed Nationwide's counsel not to send the check, indicated that she would not accept the check, and declined to give any delivery details. (*Id.* ¶ 7.) Nationwide sent the settlement funds, via Federal Express, signature required, to Woodson's previously provided address. (*Id.* ¶ 8.) The check was delivered on December 31, 2019, at 11:59 a.m. (Notice of Compliance and Mot. to Dismiss ¶ 5, Dkt. No. 63.) Woodson signed for the delivery. (*Id.* ¶ 6; Delivery Confirmation, Dkt. No. 63-1.)

Despite accepting delivery of the check, it appears that Woodson has not cashed the check and is refusing to cash the check in a further effort to prevent enforcement of the settlement agreement.[2] Woodson's intransigence is not relevant to the enforceability of the settlement agreement. In its prior order, the court ruled that the settlement agreement is enforceable and ordered that this case would be dismissed with prejudice upon receipt of notice that Woodson received the settlement check. Pursuant to that order, the court will enter an appropriate order of dismissal.

Entered: January 30, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] Nationwide explains that the settlement check is dated August 21, 2019, because it was issued following the settlement conference, and the state will begin the "escheat" process if the check is not cashed within 180 days. (Mot. to Dismiss ¶¶ 8–9.) Therefore, if the check is not cashed before February 3, 2020, Nationwide will issue a stop payment on the settlement check. (*Id.* ¶ 10.)